**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**


UNITED STATES OF AMERICA,            )
                                     )
                   Plaintiff,        )      **CRIMINAL ACTION**
                                     )
v.                                   )      No.  07-10221-MLB
                                     )
MICHAEL BIGLOW, et al.,              )
                                     )
                   Defendants.       )
_____)


<u>**MEMORANDUM AND ORDER**</u>


     This case comes before the court on the government's motion to dismiss the indictment, without prejudice.  (Doc. 575).  The court held a status conference on October 30 at which the government's motion was discussed.  The court informed all counsel that any objections pertaining to the motion must be filed by November 2. Defendants James Black, Robert Dear, Tyrone Andrews, Clifton Parks and Jerry Newton have objected to the government's motion.  (Docs. 578, 579, 580, 581, 582).  The remaining ten defendants have not objected.

**I.   Procedural History**

     This case was originally filed on November 20, 2007, against nine defendants.  On June 6, 2008, this court granted defendant Michael Biglow's motion to suppress.  (Doc. 155).  The trial was set to begin on June 11, 2008.  On June 9, the government appealed this court's order granting Biglow's motion.  The government then moved to continue the trial against all defendants or, in the alternative, dismiss the indictment against all defendants.  The government's position was that Biglow's involvement was an integral part of the conspiracy.  The

court granted the government's motion to dismiss the indictment.[1]

On May 12, 2009, this court received the Tenth Circuit's mandate reversing its decision. (Doc. 212). On May 13, the government filed a Second Superseding Indictment against the original nine defendants and an additional eleven defendants.[2] (Doc. 214). The court has issued several rulings with respect to all defendants in this case. See Docs. 460, 485, 496, 534. On September 24 and October 21 the court conducted a James hearing to determine the admissibility of phone conversations that were recorded pursuant to a Title III wiretap. After the hearing, several defendants moved for dismissal of count 1, the conspiracy count, on the basis that the government had not established a conspiracy. (Docs. 503, 508, 511, 514, 515, 520, 529, 535).

The court wrote a letter to the government seeking additional information to support the existence of the conspiracy. (Doc. 534). The government responded to the court's letter on October 26. On October 29, the court entered an order prohibiting the telephone calls from being introduced as coconspirator statements. (Doc. 565). The court found that the government had not satisfied its burden to establish that a conspiracy existed between all defendants. The court also ruled that the calls, however, could be admitted for other purposes during trial.[3] The court did not dismiss the conspiracy

---

[1] None of the defendants objected to the government's motion.

[2] As of this date, five of the defendants have entered guilty pleas.

[3] The trial was set for November 3. The court called off the jury on November 2 in order to allow defendants to object to the government's motion and to provide time for the government to respond.

count but instead directed the government to state its intentions with respect to the conspiracy count. The government moved to dismiss the indictment "to evaluate the Court's Memorandum and Order and relevant case law." (Doc. 576 at 3). The government stated during the October 30 hearing that it will either refile the same charges against defendants or it will file smaller, separate conspiracy charges instead of one large conspiracy.

Dear and Newton argue that the government has not provided the court with a sufficient reason for the dismissal and Black argues that the dismissal would be tantamount to harassment since this case has been ongoing for almost two years.[4] (Docs. 578, 579, 580).

## II. Analysis

Fed. R. Crim. P. 48 (a) allows the government to dismiss an indictment, with leave of court. The Supreme Court has not had occasion to rule on the meaning of the words "leave of court" but has offered the following:

> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest. It is unnecessary to decide whether the court has discretion under these circumstances, since, even assuming it does, the result in this case remains the same.

---

[4] Parks has moved to join Black's and Newton's motion. (Doc. 582). Parks' motion is granted. Andrews' objection is similar to that of Black's. (Doc. 581).

Rinaldi v. United States, 434 U.S. 22, 29 n. 15, 98 S. Ct. 81, 85 n. 15, 54 L. Ed.2d 207 (1977).

In United States v. Gonzalez, 58 F.3d 459, 461 (9th Cir. 1995), the Ninth Circuit interpreted the Supreme Court's dicta as allowing a court to exercise its discretion to protect a defendant when he has objected to the government's motion to dismiss. The Tenth Circuit has found that the district court "at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." United States v. Derr, 726 F.2d 617, 619 (10th Cir. 1984).

Defendants assert that the government's reason for dismissal is not sufficient in the face of an objection. Dear and Newton rely on Derr to support their position. In Derr, the government moved to dismiss the indictment on the day of trial and noted that the dismissal would "best meet the ends of justice." 726 F.2d at 618. The defendant objected and asserted that she was ready for trial. The court granted the motion over the defendant's objection and the government did file a second indictment. The defendant moved to dismiss the second indictment on the basis that the government should not have been allowed to dismiss the original indictment. At a hearing on the motion to dismiss, counsel for the government asserted that she was "dissatisfied with the state of the investigation and the state the charges were in. So, we moved to dismiss for the purpose of continuing the further investigation into the matter." 726 F.2d at 619. The district court dismissed the second indictment after finding that the reasons stated by the government were not valid. The Tenth Circuit affirmed.

Here, defendants argue that the government's conduct in this case is similar to the prosecutor in <u>Derr</u>. The court disagrees. Based on the representations of government counsel, which the court does not question for one minute, the government was ready to proceed in this case and does not seek dismissal in order to continue the investigation. Rather, the dismissal is sought so that the government may either decide to continue with one large conspiracy or to break up the conspiracy count into smaller conspiracies. While the court is not necessarily pleased with continuing this case, it does not find that the government's reasons are in bad faith. <u>United States v. Sprofera</u>, 299 F.3d 725, 727 (8th Cir. 2002)(the court should exercise its discretion and allow a dismissal unless the government is acting in bad faith).

Defendants Black and Andrews argue that the government's conduct results in harassment as they have been under a cloud of suspicion and are continued to be held in custody. There is no evidence of the government's intent to harass these defendants.[5] Moreover, the initial dismissal of the original indictment was clearly warranted given the circumstances at the time. Importantly, no defendants objected or sought a dismissal of the second superceding indictment based on this court's granting of the government's initial motion to dismiss. Also, defendants are well aware that they will be released once the government's motion is granted, unless they are detained in connection with new or amended charges.

In addition, the court has been unable to find any authority that

---

[5] Black's arguments regarding harassment are especially disingenuous, as noted by the government in its response. (Doc. 583).

has dealt with a motion to dismiss that is objected to by some but not all of the defendants charged. Clearly, the majority of the defendants in this case do not object to the dismissal. This presents a difficult decision in that the court is faced with sustaining an objection for the objecting defendants and either forcing the non-objecting defendants to trial or somehow separating this case, which would be very difficult. Accordingly, the court finds that the government's reasons in seeking a dismissal, without prejudice, in this case are valid and the government is not seeking to harass defendants by moving to dismiss the indictment.

## III. Analysis

The government's amended motion to dismiss the indictment is granted. (Doc. 575). The second superseding indictment against Tyrone L. Andrews, Michael L. Biglow, James Black, Robert Dear, Kevin Gunter, Gregory Reynolds, Cornell Beard, Seth Collins, Timothy Collins, Dornel Johnson, Jerry Newton, Clifton Parks, Jose Pizana, Clerance Reed and Steven Rich, is dismissed, without prejudice.


IT IS SO ORDERED.

Dated this ___4th___ day of November 2009, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE